NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

OLALEKAN JACOB PONLE,

　　　　　　　　　　Petitioner,

　　　　v.

WARDEN FORT DIX,

　　　　　　　　　　Respondent.

Civil Action No. 26-2211 (MAS)

OPINION

SHIPP, District Judge

This matter comes before the Court on Petitioner Olalekan Jacob Ponle's ("Petitioner") habeas petition brought pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prison's ("BOP") decision to deny him placement in a residential facility prior to August 2026. (ECF No. 1.) Because Petitioner has now paid the applicable filing fee (ECF Docket Sheet), the Court is required by Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed without prejudice for lack of exhaustion.

I.　　BACKGROUND

Petitioner is a federal prisoner currently detained at FCI Fort Dix serving a 100-month sentence entered in 2023. (ECF No. 1 at 2.) That sentence is currently projected to be completed on October 11, 2027. (*Id.*) According to Petitioner, during his prison sentence he has earned a number of credits under the First Step Act. (*Id.*) In light of those credits and the Second Chance

Act, which provides prisoners opportunities for prerelease placement in a residential facility, Petitioner believes that he is presently entitled to prerelease placement in such a facility. The BOP has Petitioner slated for a prerelease placement in August 2026. (*Id.* at 4.) Although Petitioner seeks habeas relief, he did not complete the BOP's administrative remedy process before filing his petition. (*Id.*)

## II.   **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), a federal court has jurisdiction over a habeas petition and habeas relief may be extended to a petitioner only if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.   **DISCUSSION**

Petitioner seeks to challenge the BOP's calculation of eligibility date for a residential facility placement under the First Step Act and Second Chance Act. (ECF No. 1 at 4.) Petitioner admits in his habeas petition, however, that he did not attempt to administratively exhaust his claims prior to filing this petition. (*Id.* at 3.)

Habeas petitioners are generally required to exhaust all available administrative remedies prior to filing suit in federal court, and an inmate's failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, No. 21-7326, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation,

*see Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008), nor will exhaustion be futile merely because the administrative review process is unlikely to be completed in the remaining portion of a prisoner's sentence. *Bortolotti v. Knight*, No. 22-6137, 2022 WL 17959577, at *3 (D.N.J. Dec. 27, 2022).

Here, Petitioner had available remedies to challenge the BOP's calculation of his eligibility date for a prerelease custody placement through the BOP's administrative remedy system. Petitioner chose not to pursue administrative remedies and instead chose to file this habeas petition. That the process is unlikely to resolve in his favor prior to his current prerelease placement date, however, does not render exhaustion futile, nor will that fact suffice to excuse an inmate's failure to administratively exhaust his claims prior to filing his habeas petition. *Id.* Petitioner has therefore not shown any valid basis for evading the exhaustion requirement. Because Petitioner admits that he has not exhausted his claims, and because Petitioner has failed to show a valid basis for evading the exhaustion requirement, his habeas petition must be dismissed without prejudice for failure to exhaust at this time.

## IV.    CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** because Petitioner failed to exhaust his administrative remedies before filing his habeas petition. An order consistent with this Opinion will be entered.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: 7/15/26

3